## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY,  ) | |
| ) | C.A. NO.: 2021-cv-62 |
| ) | |
| Plaintiff,  ) | Electronically Filed |
| ) | |
| vs.  ) | |
| ) | |
| NORTHEAST CONCRETE CONSTRUCTION, ) | |
| INC.; and TONY GERMANOS D/B/A  ) | |
| AROMA CT CAFÉ, INC.,  ) | |
| ) | |
| Defendants.  ) | |

## INTRODUCTORY STATEMENT

This is a Declaratory Judgment action brought pursuant to 28 U.S.C. sec. 1332 in which the Plaintiff, Atain Specialty Insurance Company ("Atain"), seeks a declaration that it is not obligated to indemnify its insured, Northeast Concrete Construction, Inc. with respect to a Rhode Island Superior Court lawsuit brought by Tony Germanos d/b/a Aroma CT Café, Inc. captioned *Tony Germanos d/b/a Aroma CT Café, Inc. v. Northeast Concrete Construction, Inc., Providence County Civil Act. No.: 2019-8570* ("State Court action").   The state court action asserts claims for faulty workmanship that do not constitute an "occurrence" or are excluded by the terms and conditions of the applicable policy.   Furthermore, Atain's insured, Northeast Concrete Construction, Inc., failed to cooperate in Atain's investigation of the claim and failed to provide Atain with notice of the lawsuit, including notice of the service of the summons and complaint, notice of the application for default, and notice of the hearing on the motion for default judgment.  Due to Northeast Concrete Construction, Inc.'s failure to provide Atain with notice of the lawsuit, and failure to defend the lawsuit, a default judgment in the amount of $205,980.37

1

was entered against Northeast Concrete Construction, Inc.   As such, Northeast Concrete Construction, Inc. has breached the terms and conditions of the applicable Commercial General Liability policy by failing to provide Atain with notice of the suit, including notice of the service of the summons and complaint, and has failed to cooperate with Atain with respect to the defense of the case.   Accordingly, due to Northeast Concrete Construction, Inc.'s failure to provide notice of the suit, cooperate with Atain, and the subsequent entry of the default judgment, Atain has been prejudiced in its ability to defend the insured in accordance with the terms and conditions of the policy.

## PARTIES

1. The Plaintiff, Atain Specialty Insurance Company ("Atain"), is a Michigan Corporation with its principal place of business at 30833 Northwestern Highway, Farmington Hills, Michigan.

2. The Defendant Northeast Concrete Construction, Inc., ("Northeast Concrete Construction") is a Rhode Island corporation with a usual place of business at 23 Mechanic Street, N. Smithfield, Providence County, Rhode Island.

3. The Defendant Tony Germanos d/b/a Aroma CT Café, Inc. ("Aroma Café"), with a usual place of business at 1188 Cumberland Hill Road, Woonsocket, Providence County, Rhode Island.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. sec. 1332, in this Court because the Plaintiff and the Defendants are citizens of different states and the amount in controversy, exclusive of costs and interests, exceeds the sum of $75,000.00.

5. Venue is properly laid in this judicial district because the events giving rise to the claims set forth in this Complaint occurred in this district, Plaintiff's insured conducts business in the district and the relevant acts and omissions as alleged occurred in this district.

**FACTS**

6. Atain issued a Commercial General Liability policy for the period of March 5, 2018 – March 5, 2019, for "occurrences" within the respective policy period, to the Defendant Northeast Concrete Construction, Inc.

7. The policy contains the following provisions:

**SECTION 1 – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.   Insuring Agreement**

**a.**   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**b.**   This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

     *       *       *       *       *       *       *       *       *

**2.   Exclusions**

This insurance does not apply to:

     *       *       *       *       *       *       *       *       *

**j.   Damage To Property**

   "Property Damage" to:

(1)  Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operation, if the "property damage" arises out of those operation; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

**k.      Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.      Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply of the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.      Damage To Impaired Property Or Property Not Physically injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work", or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*        *        *        *        *        *        *        *        *

4

**SECTION V – DEFINITIONS**

    \*     \*     \*     \*     \*     \*     \*     \*     \*

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    b. You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

    \*     \*     \*     \*     \*     \*     \*     \*     \*

**16.** "Products-completed operations hazard":

a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    **(1)** Products that are still in your physical possession: or

    **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a) When all of the work called for in your contract has been completed.

        (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    \*     \*     \*     \*     \*     \*     \*     \*     \*

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   **b.**  Loss of use of tangible property that is not physically injured.  All such loss of us shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

   \*         \*         \*         \*         \*         \*         \*         \*         \*

**22.**  "Your Work";

a.   Means:
   (1)  Work or operations performed by you or on your behalf; and

   (2)  Materials, parts or equipment furnished in connection with such work or operations.

b.   Includes:
   (1)  Warranties or representations made at any time with respect to the fitness, qualify, durability, performance or use of "your work", and

   (2)  The providing of or failure to provide warnings or instructions.


Attached hereto as **Exhibit 1** is a true and accurate copy of the Atain policy issued to Northeast Concrete Construction.


8.  The policy further provides the following Conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

   2.      Duties in the Event of Occurrence, Offense, Claim or Suit

      \*                \*                \*                \*                \*

b.      If a claim is made or "suit" is brought against any insured, you must:

      (1)  Immediately record the specifics of the claim or "suit" and the date received, and,
      (2)  Notify us as soon as practicable.  You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.      You and any other insured must:

      (1)  Immediately send us copies of any demands, notices, summonses, or legal papers received in connection with the claim or "suit";
      (2)  Authorize us to obtain records and other information;

6

(3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit;"

9.  Aroma Café contracted with Northeast Concrete Construction for the installation of a concrete parking lot, sidewalks and the concrete floor for a coffee shop located at 1188 Cumberland Hill Road, Woonsocket, Rhode Island.

10. Northeast Concrete Construction performed the concrete work in December 2018.

11. On or about March 12, 2019, Aroma Café submitted a liability claim to Atain seeking indemnification for Northeast Concrete Construction's faulty workmanship.

12. Aroma Café alleged that Northeast Concrete Construction failed to properly install the parking lot as it had crumbled, peeled, and the concrete aggregate was loose.  Aroma Café further claimed that the parking lot needed to be replaced and reinstalled.

13. Aroma Café further alleged that Northeast Concrete Construction failed to properly install the cement floor for the coffee shop.  Due to Northeast Concrete Construction's faulty installation, there was a bump in the concrete floor which damaged the tongue and groove laminate floor, requiring the floor's removal and replacement.

14. On or about April 25, 2019, Atain, through counsel, responded to Aroma Café's claim, advising that aspects of the claim were not covered but affording coverage for those damages within the policy coverages.  See correspondence from Matthew W. Perkins to Tony Germanos, dated April 25, 2019, attached hereto as **Exhibit 2**.

15. Thereafter, on or about August 19, 2019, Aroma Café filed suit against Northeast Concrete Construction in the Providence Superior Court.  A true and accurate copy of Aroma Café's complaint is attached hereto as **Exhibit 3**.

16. Aroma Café's complaint, **Exhibit 3, para. 6**,  asserts the following claims against Northeast Concrete Construction:

[Northeast Concrete Construction] breached its duty of care and was negligent in the following:

**a.**    Causing damage to the original interior floor;

**b.**    Faulty installation of the new interior cement floor for the coffee shop;

7

    **c.**    Causing damage to the original parking lot; and

    **d.**    Faulty installation of the new parking lot and walkways.

17. A constable served Northeast Concrete Construction on August 27, 2019. A true and accurate copy of the return of service is attached hereto as **Exhibit 4**.

18. On September 18, 2019, Aroma Café filed its application for a default pursuant to R.I. Rule Civ. Pro. 55(a). A true and accurate copy of the application for default is attached hereto as **Exhibit 5**.

19. On September 19, 2019, the Providence Superior Court entered a default against Northeast Concrete Construction. See Superior Court docket, a true and accurate copy of which is attached hereto as **Exhibit 6**.

20. On November 20, 2019, Aroma Café filed an application for entry of default judgment against Northeast Concrete Construction. A true and accurate copy of the entry of default judgment is attached hereto as **Exhibit 7**.

21. On November 27, 2019, Aroma Café filed a notice of service and a return of service stating that service of the application for entry of default judgment was served on Northeast Concrete Construction on November 25, 2019. A true and accurate copy of Aroma Café's Notice of Service and Return are attached hereto as **Exhibit 8**.

22. On December 4, 2019, the Providence Superior Court entered judgment against Northeast Concrete Construction in the amount of $205,980.37. A true and accurate copy of the Judgment is attached hereto as **Exhibit 9**.

23. Northeast Concrete Construction did not cooperate with Atain's pre-suit investigation and failed to respond to Atain's pre-suit request for information.

24. Neither Northeast Concrete Construction, nor any other person or entity, ever provided Atain with notice of the service of the summons and complaint, application for default or application for default judgment.

25. Due to the lack of notice of the suit, Atain was not provided the opportunity to retain counsel to defend Northeast Concrete Construction in accordance with the terms and conditions of the policy and subject to a reservation of rights to disclaim coverage for damages not covered or excluded by the policy.

26. The lack of notice of the suit and the entry of the default judgment, have prejudiced Atain's rights under the policy.

27. Atain's first notice of the suit and entry of judgment was on February 2, 2021 as set forth in a letter from Plaintiff's counsel to Atain's counsel.

## COUNT I
### *DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
### *The Insured's Failure to Cooperate and Provide Notice of Suit*
### *Prejudiced Atain's Rights Under the Policy*

28. Atain incorporates herein the allegations of paragraphs 1-27.

29. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendants with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Northeast Concrete Construction.

30. Atain seeks a Declaratory Judgment that due to Northeast Concrete Construction's failure to provide Atain with notice of the state court action and Northeast Concrete Construction's failure to cooperate in the defense of the state court action, Atain has been prejudiced and owes neither a defense nor indemnity to Northeast Concrete Construction or to any other entity, arising out of the allegations of the State Court action.

## COUNT II
### *DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. SEC. 2201-02*
### *The Atain Policy Excludes Claims for Faulty Workmanship*

31. Atain incorporates herein the allegations of paragraphs 1-30.

32. Atain has presented an actual controversy within the jurisdiction of this court with respect to Atain's obligation to provide the Defendants with a defense and/or indemnity pursuant to the Commercial General Liability Policy Atain issued to Northeast Concrete Construction.

33. Atain seeks a Declaratory Judgment that coverage does not exist under the Commercial Liability Policy for the claims asserted against Northeast Concrete Construction to the extent such claims do not constitute an "occurrence" or are excluded by the workmanship provisions of the applicable policy, and that Atain is not obligated to indemnify Northeast Concrete Construction, or to any other entity, for such claims.

**WHEREFORE**, Atain requests this Honorable Court to declare that Atain has neither a duty to defend nor a duty to indemnify Northeast Concrete Construction, Inc. or any other entity for the claims made against Northeast Concrete Construction, Inc., as set forth in *Tony Germanos d/b/a Aroma CT Café, Inc. v. Northeast Concrete Construction, Inc., Providence County Civil Act. No.: 2019-8570.*

Respectfully Submitted,
Atain Specialty Insurance Company
By Its Attorneys,


/s/ Matthew W. Perkins_____
Matthew W. Perkins, No. 6097
Lecomte, Emanuelson and Doyle
Batterymarch Park II, One Pine Hill Drive
Suite 105, Quincy, MA 02169
(617) 328-1900
mperkins@lecomtelaw.com

Dated: February 4, 2021